

MICHAEL A. CARDOZO
*Corporation Counsel*

### THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

SHERYL BRUZZESE
Phone: (212) 788-0893
Fax: (212) 788-9776
Sbruzzese@law.nyc.gov

June 21, 2004

**BY ECF**

The Honorable Richard M. Berman
United States District Court Judge
United States District Court
Southern District of New York
40 Centre Street, Courtroom 706
New York, New York 10007

Re:  Eneaqua Lewis et al. v. City of New York, et. al,
04 CV 3696 (RMB)

Your Honor:

I am an Assistant Corporation Counsel with the New York City Law Department assigned to the defense of the above-referenced case. I write to respectfully request an additional forty five days (until August 2, 2004) to answer or otherwise respond to the complaint or a stay of discovery until the pending criminal case against plaintiff is resolved.[1]  At the outset, I apologize to the Court and plaintiff for this late request. Defendant's (City of New York) answer was due on or before June 8, 2004. However, our division did not receive the complaint until after the June 8, 2004 deadline had already passed and, at that time, I also realized that the criminal matter was still pending. Rather than make an unnecessary application the Court, I was in the process of investigating the status of the underlying criminal matter. A preliminary investigation indicated that the criminal case was scheduled for a hearing/trial on June 17, 2004. Accordingly, I awaited the outcome of the June 17, 2004 hearing and attempted to contact the assigned Assistant District Attorney before contacting plaintiff's counsel and making this application to the Court. I have since spoken to the Assistant District Attorney assigned to this case, Cary Seiden, Esq., who informed me that this case is now expected to go to trial on June 30, 2004. Cary Seiden indicated that the People are prepared to state "ready" on June 30, 2004. However, Ms. Seiden also indicated that this does not necessarily mean that the trial will definitely begin on June 30, 2004. Ms. Seiden indicated that the case may not actually go to trial for a matter of months.

---

[1] Upon review of the docket sheet, it does not appear that any of the individual defendants have been served.

Should the criminal matter not be resolved by the time defendants are required to respond to the complaint, I alternatively request a stay of this matter on the grounds that the criminal case against Enequa Lewis (for attempted assault) is currently pending in Bronx Criminal Court. I make this alternative request because there will undoubtedly be a direct conflict between plaintiff's criminal action and this civil case. Plaintiff's counsel, David Zelman, Esq. does not consent to an extension of time to answer nor does he consent to defendants' alternative request for a stay of discovery if the criminal matter is not resolved in the interim.

## EXTENSION OF TIME TO ANSWER

There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, an enlargement would give us additional time to investigate the allegations of the complaint. By way of background, plaintiff alleges that she was verbally harassed, sexually assaulted, threatened, strip-searched and physically assaulted by four corrections officers. Notably, plaintiff also claims that she was falsely arrested, is in the process of being maliciously prosecuted, and further indicates that she "is vigorously defending the remaining criminal charge against her and fully expects to be vindicated of any wrongdoing." (Compl at ¶ 56). As set forth above, the charge of attempted assault is currently pending in Bronx Criminal Court. Defendants anticipate that the criminal case may be resolved within forty-five days. If that is the case, there would be no reason for a stay of discovery. Further, an additional forty-five days may give defendants time to further investigate the allegations of the case and be in a position to adequately respond to the complaint.

In addition, plaintiff's counsel has made no representation regarding service upon the individual officers and a cursory review of the docket sheet indicates that no affidavits of service have been filed. As such, an extension of time would gave plaintiff's counsel time to serve the individual defendants as well as additional time to file the necessary affidavits of service. An extension of time would also allow our office time to contact the individual defendants to determine if they have been properly served and to also determine whether they wish to be represented by our office. The Corporation Counsel cannot automatically represent the individual defendants. Rather, the individual defendants must first decide whether they want to be represented by the Corporation Counsel. See Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984). If so, we must obtain their written authorization. Thus, an enlargement would give our office time to resolve representational issues, if any, and allow defendants to submit a joint answer.

## A STAY OF DISCOVERY IS APPROPRIATE

Federal courts have "inherent power, in the exercise of discretion" to stay civil proceedings if "special circumstances" are presented or "when the interests of justice seem to

require such action[.]" United States v. Kordel et al., 397 U.S. 1, 12 n. 27 (1970); Volmar Distrib. Inc. et al. v. The New York Post Co., Inc. et al., 152 F.R.D. 36, 39 (S.D.N.Y. 1993); Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985). There are numerous factors that should be considered in determining whether a stay is warranted, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. Volmar Distributors, 152 F.R.D. at 39; and see Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). These factors are balanced on a case-by-case basis, and none alone is determinative. Id.

   Furthermore, in the context of concurrent civil and criminal proceedings, "[t]he most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (Senior Judge Pollack, S.D.N.Y.).   Thus, the presence in concurrent civil and criminal proceedings of the same subject matter weighs heavily in favor of granting a civil stay. Volmar Distributors, 152 F.R.D. at 39; Brock, 109 F.R.D. at 119.[2]  It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until the resolution of parallel state court criminal proceedings. See, e.g., Jackson v. Suffolk County Homicide Bureau, 135 F.3d 254, 257 (2d Cir. 1998) (for "a civil claim that neither depends on nor necessarily results in invalidation of, but could have an impact on, the [criminal] conviction... the proper course is for the district court to stay further proceedings on that claim pending termination of the state-court criminal proceedings, rather than to dismiss it."); Mack v. Varelas, 835 F.2d 995, 999-1000 (2d Cir. 1987) (stay of § 1983 action pending resolution of parallel state criminal proceedings; "postponement of [federal] adjudication is prudentially warranted because one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim"); Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981) (a "federal court is not precluded, in the exercise of its discretion, from staying proceedings in the [civil] action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views.").

   In the instant case, plaintiffs' Section 1983 civil rights action and pending state criminal court action are based on the same underlying events. Thus, because a disposition of the criminal charges against plaintiff may be determinative of her claims against defendants, a stay is warranted.   Furthermore, consideration of the above-noted factors weigh heavily in favor of a stay of discovery.   First, plaintiff's criminal matter for which she is suing is still

---

[2] In staying the civil proceedings, Courts reason that denying a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case.  See In re Par Pharmaceutical, Inc., 133 F.R.D. 12, 13 (S.D.N.Y. 1990)(citing Dresser Industries, 628 F.2 at 1376); Brock 109 F.R.D. at 119.

pending.  Thus, a false arrest or malicious prosecution claim is not ripe.  Second, defendants will most likely not be able to go forward with plaintiff's deposition because plaintiff may not answer certain questions on the grounds that it will incriminate her in her pending criminal matter.  Third, plaintiff may also not be able to effectively answer interrogatories if it should incriminate her in the criminal matter.  Fourth, plaintiff may receive documents or information in the course of <u>civil</u> discovery (i.e. the individual officers' disciplinary history) in which she would not otherwise be entitled to receive in the <u>criminal</u> matter.

While defendants understand the importance of judicial efficiency and the speedy resolution of civil cases, we respectfully submit that a brief stay of this nature would promote judicial economy.  Furthermore, we are only requesting a stay in the event that the criminal matter is not resolved by the time defendants are required to answer or otherwise respond to the complaint.  If the criminal case is in fact resolved by August 2, 2004, this request would be moot.  On the other hand, if this matter is not resolved by August 2, 2004, in the absence of the stay, the Court will likely become embroiled in discovery disputes surrounding the privilege against self-incrimination.  <u>See</u>, <u>e.g.</u>, <u>Walsh Securities, Inc. v. Cristo Property Management</u>, 7 F. Supp.2d 523, 529 (D.N.J. June 9, 1998) (finding the failure to stay the civil action inefficient since the invocation of the Fifth Amendment by some of the defendants would not only "burden the Magistrate Judge and this Court with deciding a constant stream of privilege issues, but …it would be difficult or impossible to fairly apportion liability…").  The issuance of a stay would ensure that no such waste of judicial resources occurs.  In addition, a stay of civil discovery will enable both parties to sufficiently pursue and defend their interests without fear of repercussions.

Accordingly, defendants respectfully request:
(1) an extension of time until August 2, 2004 to answer or otherwise respond to the complaint; or
(2) a stay of civil discovery in the event that the criminal matter is not resolved on or before August 2, 2004.

If the Court were inclined to grant this request, defendants respectfully request that the Court adjourn the initial conference presently scheduled for June 30, 2004.

Thank you for your consideration of these requests.

Respectfully submitted,

Sheryl A. Bruzzese  (SB 5680)
Assistant Corporation Counsel

cc:    David Zelman, Esq. (by fax)
       *Attorney for Plaintiffs*