UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

ENEAQUA LEWIS,

                                 Plaintiff,

-AGAINST-

CITY OF NEW YORK, NEW YORK CITY
CORRECTIONS OFFICER VINES, NEW YORK CITY
CORRECTIONS OFFICER DAWSON, NEW YORK
CITY CORRECTIONS OFFICER MARTIN, NEW
YORK CITY CORRECTIONS OFFICER PALMER,
NEW YORK CITY CORRECTIONS OFFICER
MORENO, MARTIN F. HORN, personally and as
Commissioner of the New York City Department of
Corrections and NEW YORK CITY DEPARTMENT OF
CORRECTIONS OFFICER JANE/JOHN DOE(S) 1-10,

                                 Defendants.

------------------------------------------------------------------ x

**ANSWER**

04-CV-3696 (RMB)

**JURY TRIAL DEMANDED**

        Defendants City of New York, Vanessa Vines, Monique Dawson, Phillis Martin, Virginia Palmer, and Martin Horn[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff was present at Riker's Island on May 31, 2003 and further admit that plaintiff purports to proceed as stated therein.

---

[1] Defendants are not aware of an officer "Moreno" who worked at the G.R.V.C. facility on May 31, 2003.

1

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that Vanessa Vines was and still is employed by the City of New York in the New York City Department of Correction.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Phillis Martin was and still is employed by the City of New York in the New York City Department of Correction.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Virginia Palmer was and still is employed by the City of New York in the New York City Department of Correction.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Vanessa Vines was and still is employed by the City of New York in the New York City Department of Correction.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Martin Horn is the Commissioner of the New York City Department of

Correction and further admit that the New York City Department of Correction has headquarters located at 60 Hudson Street New York, New York 10007.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint as it pertains to unidentified individuals.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was present on Riker's Island on May 31, 2003.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint, except admit that an ambulance was called.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint, except admit that a document which purports to be a Notice of Claim was filed with the Office of the Comptroller.

60. Deny the allegations set forth in paragraph "60" of the complaint, except admit that a document which purports to be Notice of Claim was filed with the Office of the Comptroller and further admit that this claim has not been adjusted or settled by defendant City.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "60" of the complaint, inclusive of this answer, as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Defendants state that the allegations set forth in paragraph "64" of the complaint constitute legal conclusions to which no response is required.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "73" of the complaint, inclusive of this answer, as if fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Defendants state that the allegations set forth in paragraph "76" of the complaint constitute legal conclusions to which no response is required.

77. Defendants state that the allegations set forth in paragraph "77" of the complaint constitute legal conclusions to which no response is required.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "80" of the complaint, inclusive of this answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. In response to the allegations set forth in paragraph "95" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "94" of the complaint, inclusive of this answer, as if fully set forth herein.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. In response to the allegations set forth in paragraph "101" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "100" of the complaint, inclusive of this answer, as if fully set forth herein.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. In response to the allegations set forth in paragraph "106" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "105" of the complaint, inclusive of this answer, as if fully set forth herein.

107. Deny the allegations set forth in paragraph "107" of the complaint.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. Deny the allegations set forth in paragraph "109" of the complaint.

110. Deny the allegations set forth in paragraph "110" of the complaint.

111. Deny the allegations set forth in paragraph "111" of the complaint.

112. Deny the allegations set forth in paragraph "112" of the complaint.

113. Deny the allegations set forth in paragraph "113" of the complaint.

114. Deny the allegations set forth in paragraph "114" of the complaint.

115. In response to the allegations set forth in paragraph "115" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "114" of the complaint, inclusive of this answer, as if fully set forth herein.

116. Deny the allegations set forth in paragraph "116" of the complaint.

117. Deny the allegations set forth in paragraph "117" of the complaint, except admit that, upon information and belief, the criminal matter is still pending.

118. Deny the allegations set forth in paragraph "118" of the complaint.

119. Deny the allegations set forth in paragraph "119" of the complaint.

120. In response to the allegations set forth in paragraph "120" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "119" of the complaint, inclusive of this answer, as if fully set forth herein.

121. Defendants state that the allegations set forth in paragraph "121" of the complaint constitute legal conclusions to which no response is required.

122. Defendants state that the allegations set forth in paragraph "122" of the complaint constitute legal conclusions to which no response is required.

123. Defendants state that the allegations set forth in paragraph "123" of the complaint constitute legal conclusions to which no response is required.

124. Defendants state that the allegations set forth in paragraph "124" of the complaint constitute legal conclusions to which no response is required.

125. Deny the allegations set forth in paragraph "125" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

126. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

127. Answering defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States, the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

128. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith, in the exercise of its discretion. Consequently, defendant City is entitled to governmental immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

129. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of a third party and/or or non-parties and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

130. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

131. Punitive damages cannot be awarded as against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

132. Plaintiff failed to comply with the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

133. The individual defendants did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, Officer Adamson is entitled to qualified immunity. See Saucier v. Katz, 533 U.S. 194 (2001).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

134. Plaintiff's claims may be barred by the doctrines of collateral estoppel and/or the doctrine of res judicta.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

135. Because the criminal case is still pending, plaintiff's malicious prosecution and false arrest claims are premature.

**WHEREFORE**, City defendants request judgment dismissing the complaint, awarding costs, disbursements and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           November 19, 2004

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                City of New York
                Attorney for Defendants City, Vines,
                Martin, Dawson, Palmer, and Horn
                100 Church Street, Room 3-188
                New York, New York 10007
                (212) 788-0893

By: _____
        SHERYL BRUZZESE (SB 5680)
        Assistant Corporation Counsel

To:   David Zelman, Esq.
      *Attorney for Plaintiff*
      225 Broadway, 38th Floor
      New York, New York 10007