UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ENEAQUA LEWIS,

                                      Plaintiff,

                -against-

CITY OF NEW YORK, NEW YORK CITY CORRECTIONS OFFICER VINES, NEW YORK CITY CORRECTIONS OFFICER DAWSON, NEW YORK CITY CORRECTIONS OFFICER MARTIN, NEW YORK CITY CORRECTIONS OFFICER PALMER, NEW YORK CITY CORRECTIONS OFFICER MORENO, MARTIN F. HORN, personally and as Commissioner of the New York City Department of Corrections and NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER JANE/JOHN DOE(S) 1-10,

                                      Defendants.

------------------------------------------------------------------- x

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

04-CV-3696 (RMB)

**JURY TRIAL DEMANDED**

Defendants City of New York, Vanessa Vines, Monique Dawson, Phillis Martin, Virginia Palmer, Martin Horn, and Myra Marrero[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff was present at Riker's Island on May 31, 2003 and further admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Sued herein as "Correction Officer Marrero."

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation and maintains a Department of Correction.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that Vanessa Vines was and still is employed by the City of the New York in the New York City Department of Correction. Further, so state whether Vines acted in the scope of employment and under color of state and local law constitutes a legal conclusion to which no response is required.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Phillis Martin was and still is employed by the City of the New York in the New York City Department of Correction. Further, so state whether Vines acted in the scope of employment and under color of state and local law constitutes a legal conclusion to which no response is required.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Virginia Palmer was and still is employed by the City of the New York in the New York City Department of Correction. Further, so state whether Vines acted in the scope of employment and under color of state and local law constitutes a legal conclusion to which no response is required.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Monique Dawson was and still is employed by the City of the New York in the New York City Department of Correction. Further, so state whether Vines acted in the scope

of employment and under color of state and local law constitutes a legal conclusion to which no response is required.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Myra Marrero was and still is employed as a Captain with the New York City Department of Correction.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Martin Horn is the Commissioner of the New York City Department of Correction and further admit that the New York City Department of Correction has headquarters located at 60 Hudson Street New York, New York 10007.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint as it pertains to unidentified individuals.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was present on Riker's Island on May 31, 2003.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint, except admit that an ambulance was called.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the truth of the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint, except admit that plaintiff was arrested on May 31, 2003 and initially charged with Attempted Assault in the Third Degree, Obstructing Governmental Administration, Harassment in the Second Degree, and Assault in the Second and Third Degree.

54. Deny the allegations set forth in paragraph "54" of the complaint, except admit that the People served a supporting deposition on August 26, 2003 in order to convert the criminal court complaint to an information.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint, except admit that a document which purports to be a Notice of Claim was filed with the Office of the Comptroller.

60. Deny the allegations set forth in paragraph "60" of the complaint, except admit that a document which purports to be Notice of Claim was filed with the Office of the Comptroller and further admit that this claim has not been adjusted or settled by defendant City.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "60" of the complaint, inclusive of this answer, as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Defendants state that the allegations set forth in paragraph "64" of the complaint constitute legal conclusions to which no response is required.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "73" of the complaint, inclusive of this answer, as if fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Defendants state that the allegations set forth in paragraph "76" of the complaint constitute legal conclusions to which no response is required.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "80" of the complaint, inclusive of this answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. In response to the allegations set forth in paragraph "95" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "94" of the complaint, inclusive of this answer, as if fully set forth herein.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. In response to the allegations set forth in paragraph "101" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "100" of the complaint, inclusive of this answer, as if fully set forth herein.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. In response to the allegations set forth in paragraph "106" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "105" of the complaint, inclusive of this answer, as if fully set forth herein.

107. Deny the allegations set forth in paragraph "107" of the complaint.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. Deny the allegations set forth in paragraph "109" of the complaint.

110. Deny the allegations set forth in paragraph "110" of the complaint.

111. Deny the allegations set forth in paragraph "111" of the complaint.

112. Deny the allegations set forth in paragraph "112" of the complaint.

113. Deny the allegations set forth in paragraph "113" of the complaint.

114. Deny the allegations set forth in paragraph "114" of the complaint.

115. In response to the allegations set forth in paragraph "115" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "114" of the complaint, inclusive of this answer, as if fully set forth herein.

116. Deny the allegations set forth in paragraph "116" of the complaint.

117. Deny the allegations set forth in paragraph "117" of the complaint.

118. Deny the allegations set forth in paragraph "118" of the complaint.

119. Deny the allegations set forth in paragraph "119" of the complaint.

120. In response to the allegations set forth in paragraph "120" of the complaint, defendants repeat and reallege their responses to paragraphs "1" through "119" of the complaint, inclusive of this answer, as if fully set forth herein.

121. Defendants state that the allegations set forth in paragraph "121" of the complaint constitute legal conclusions to which no response is required.

122. Defendants state that the allegations set forth in paragraph "122" of the complaint constitute legal conclusions to which no response is required.

123. Defendants state that the allegations set forth in paragraph "123" of the complaint constitute legal conclusions to which no response is required.

124. Defendants state that the allegations set forth in paragraph "124" of the complaint constitute legal conclusions to which no response is required.

125. Deny the allegations set forth in paragraph "125" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

126. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

127. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States, the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

128. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith, in the exercise of its discretion. Consequently, defendant City is entitled to governmental immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

129. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of a third party and/or or non-parties and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

130. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

131. Punitive damages cannot be awarded as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

132. Plaintiff failed to comply with the conditions precedent to suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

133. The individual defendants did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, Hines, Dawson, Martin, Palmer, Horn, Moreno, is entitled to qualified immunity. See Saucier v. Katz, 533 U.S. 194 (2001).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

134. Plaintiffs claims may be barred by the doctrines of collateral estoppel and/or the doctrine of res judicta.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

135. Plaintiff was convicted after a jury trial and, accordingly, plaintiff cannot now attempt to invalidate that conviction or claim that she was falsely arrested or maliciously prosecuted. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

**WHEREFORE**, defendants request judgment dismissing the complaint, awarding costs, disbursements and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated:    New York, New York
            September 23, 2005

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                      City of New York
                                      Attorney for Defendants City, Vines,
                                      Martin, Dawson, Palmer, and Horn
                                      100 Church Street, Room 3-188
                                      New York, New York 10007
                                      (212) 788-0893

                              By:    _____
                                      SHERYL BRUZZESE (SB 5680)
                                      Assistant Corporation Counsel

To:    David Zelman, Esq.
        *Attorney for Plaintiff*
        612 Eastern Parkway
        Brooklyn, New York 11225