

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

SHERYL BRUZZESE
Phone: (212) 788-0893
Fax: (212) 788-9776
Sbruzzese@law.nyc.gov

November 21, 2005

**BY ECF AND HAND**
The Honorable Kevin Nathaniel Fox
United States Magistrate Judge
United States District Court
Southern District of New York
40 Centre Street, Courtroom 706
New York, New York 10007

     Re: Eneaqua Lewis et al. v. City of New York, et. al,
       04 CV 3696 (RMB) (KNF)

Your Honor:

  I am an Assistant Corporation Counsel with the New York City Law Department assigned to the defense of the above-referenced case. I write in response to plaintiff's November 17, 2005 letter to the Court regarding the dispute over purported Monell discovery in this case. Plaintiff's request for information pertaining to any other civilian arrested at any Riker's facility and charged with assault, harassment, obstruction of governmental administration, menacing, or resisting arrest is not relevant to her purported Monell claim nor is it reasonably calculated to lead to the discovery of admissible evidence. Moreover, plaintiff's request implicates the privacy concerns of non-party individuals and the New York City Department of Correction cannot simply release this information pursuant to the mandates of § 160.50 of New York Criminal Procedure Law.

  Before the Court even considers whether any given policy or practice is the moving force behind a purported constitutional violation, a plaintiff must first establish that his or her rights were violated. See City of Canton v. Harris, 489 U.S. 378 (1989). Here, plaintiff was convicted after trial.[1] As such, it is clear that she will not be able to establish that the City's purported policy and practice of 'arresting persons who are visiting inmates' was the cause of her purported constitutional violation as she will not be able to establish that her arrest was unlawful.

  In addition, plaintiff's request is overbroad and not relevant to her purported Monell claim. Plaintiff claims that she is entitled to this information because "plaintiff produced another woman in discovery who was visiting her fiancé" and both women were allegedly

---

[1] Based upon her conviction, plaintiff's false arrest and malicious prosecution claim fails as a matter of law. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

arrested on the same day. (Pl. App. at p. 2, ¶ 4) First, while plaintiff attested to this at her deposition, the name and address of this individual has never been disclosed to defendants. Second, even if another individual was arrested on the same date as plaintiff, this hardly lends to her far-fetched Monell claim that the New York City Department of Correction has a policy and practice of arresting persons who are visiting inmates. (Pl. App. at p. 3, ¶ 2).

Furthermore, plaintiff's request for information pertaining to any other civilian arrested at any Riker's facility and charged with assault, harassment, obstruction of governmental administration, menacing, or resisting arrest implicates the privacy concerns of these non-party individuals. The New York City Department of Correction cannot simply release this information pursuant to the mandates New York's Criminal Procedure Law § 160.50 . Defendants do not have the authority to waive a non-party individual's right to anonymity which is protected under this statute. See Ferreria v. Palladium Realty Partners et al., 611 N.Y.S.2d 458 (Sup. Ct. 1994) ("The purpose of CPL 160.50 is not to assist in the preparation of a civil case, but to insure 'that one who is charged but not convicted of an offense suffers no stigma as a result of having once been the object of an unsustained accusation' . . . . The language in the statute is mandatory and creates an interest in reputation or privacy on the part of the acquitted or unprosecuted defendant. While the interest recognized in CPL 160.50 has not been constitutionally derived, still the protection it provides is 'akin to a privilege' and absent a waiver by the holder of that statutory privilege, a civil litigant has no right to procure or examine a sealed record.") (citations omitted); see also Taylor v. New York City Transit Auth, 516 N.Y.S.2d 237 (App. Div. 1987); Maxie v. Gimbel Bros., 423 N.Y.S.2d 802 (Sup. Ct. 1979).

Specifically, Section 160.50 of New York's Criminal Procedure Law states in relevant part:

> Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision three of this section, unless the district attorney upon motion with not less than five days notice to such person or his or her attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise, or the court on its own motion with not less than five days notice to such person or his or her attorney determines that the interests of justice require otherwise and states the reasons for such determination on the record, *the record of such action or proceeding shall be sealed and the clerk of the court wherein such criminal action or proceeding was terminated shall immediately notify the commissioner of the division of criminal justice services and the heads of all appropriate police departments and other law enforcement agencies that the action has been terminated in favor of the accused, and unless the court has directed otherwise, that the record of such action or proceeding shall be sealed.*

New York Criminal Procedure Law § 160.50 (McKinney 2004) (emphasis added).

2

    The primary purpose of the sealing of records pursuant to § 160.50 is to ensure confidentiality and to protect the individual from the potential public stigma associated with a criminal prosecution. See Harper v. Angiolillo, 658 N.Y.S.2d 229 (N.Y. Ct. App. 1997). The privilege created by N.Y. Crim. Proc. Law § 160.50 must yield when outweighed by a federal interest in presenting relevant information to a trier of fact. Bryant v. City of New York, 99 Civ. 11237, 2000 U.S. Dist. LEXIS 18548 at **3-8 (S.D.N.Y. Dec. 26, 2000) (Eaton J.). A court must balance the need for the requested discovery against the privacy interests of the individual(s) protected by this statute. Id.; see, e.g. Fountain v. City of New York, 03 Civ. 4526, 03 Civ. 4915, 03 Civ. 7790, 03 Civ. 8445, 03 Civ. 9188, 03 Civ. 9191, 04 Civ. 665, 04 Civ. 1145, 04 Civ. 1371, 04 Civ. 2713, 2004 U.S. Dist. LEXIS 12278 at **7-8 (S.D.N.Y. June 22, 2004) (Sweet, J.) (plaintiffs have not yet established that "their need for the information outweighs 'the administrative burden on the City, and (more importantly) [the] burden on the privacy interest of the . . . non-parties.'") (internal citations omitted). Here, plaintiff's need for the requested information simply does not outweigh the privacy interests of the arrestees and her application must be denied.

    Thank you for your consideration.

Respectfully submitted,

Sheryl A. Bruzzese (SB 5680)<br>
Assistant Corporation Counsel

cc:  The Honorable Richard M. Berman (BY ECF and HAND)<br>
   *United States District Court Judge*

   David Zelman, Esq. (by fax 718-604-3074)<br>
   *Attorney for Plaintiff*