

**MEMO ENDORSED**

You don't explain Judge Fox's reasons [or why] you failed to comply with his Order. Take it up (e.g. by reconsideration) with Judge Fox whose decisions in this matter are entitled to great weight.

SO ORDERED:
Date: 1/5/06
Richard M. Berman, U.S.D.J.

Via ECF
The Honorable Richard M. Berman
United States District Court Judge
United States District Court
Southern District of New York
40 Centre Street, Room 706
New York, NY 10007

David A. Zelman, Esq.
Law Office of David A. Zelman
612 Eastern Parkway
Brooklyn, New York 11225

December 22, 2005

Re: Davis v. City of New York, et al.
04 CV 3696 (RMB)

Dear Judge Berman:

This is a joint letter application appealing Magistrate Judge's Fox ruling that there will be no further discovery deadline extensions in this matter. For the following reasons, both parties request an additional 60 days to complete discovery in this civil rights matter.

As your Honor may recall from the initial conference, this matter involves allegations of an incident where a visitor at Riker's Island was arrested, assaulted and prosecuted by Department of Corrections officials. The plaintiff was ultimately convicted of a minor charge at the conclusion of a trial.

The parties have expeditiously pursued discovery in this matter. The plaintiff's deposition was taken. Many relevant documents consisting of statements by the plaintiff and defendant officers were exchanged.

There are four items of discovery, which, despite the parties best efforts, have been difficult to obtain.

1. The criminal trial transcript. As soon as the criminal trial was complete, the Bronx County District Attorney's Office ordered the transcript of the trial. Defendants have also ordered the criminal trial transcript which contains testimony from the parties in this action regarding the incident. To date, neither the District Attorney's Office nor defendants have received the transcript. Despite the parties best efforts, this transcript has not been produced. There is a suggestion that the delay is due to the court reporter.

2. The Visitor Log book. Plaintiff's counsel, in an effort to ascertain witnesses to the incident which gives rise to this litigation demanded the visitor log book in August of 2005. It was determined, through discovery, that G.R.V.C. does not maintain a log-book. Thus, plaintiff's counsel requested the names and addresses of any visitors who may have witnessed the incident. The New York City Department of Correction does not have an automated system and this information was not easily accessible. DOC had to manually retrieve all the archived visitors cards for the date in question. In November, defense counsel was able to produce these cards which contained the names of visitors, but the visitor's addresses were not listed on the cards. The New York City Department of Correction then had to input the names into the computer and manually search their database for the addresses. Defense counsel is now in possession of the addresses of these individuals which Department of Correction officials obtained by doing a manual search. Defense counsel is in the process of redacting certain confidential information contained within the log book and she

plans to exchange it shortly. When it is received, plaintiff's counsel intends to contact potential witnesses for witness statements and the parties may want to depose any eye-witnesses.

      3. An affidavit from a Department of Corrections official who has knowledge that there is no videotape of the incident. Defense counsel is currently attempting to have this done.

      4. Records of prior arrests at Riker's visiting facilities. In compliance with Judge Fox's ruling, defense counsel produced three incidents of other persons being arrested at Riker's visiting facility. Apparently, these records are sealed pursuant to § 160.50 of New York's Criminal Procedure Law. Thus, an unsealing Order will be requested from Judge Fox today.

      The parties have diligently and expeditiously attempted to conduct as much discovery as possible within the given time limitation, however, some critical discovery remains outstanding. The current discovery deadline is January 9, 2006 which simply does not provide the parties with sufficient time to review the discovery which has yet to be obtained and/or take action with respect to that discovery. In addition, the parties have just ascertained the names and addresses of over fifty individuals who may be potential witnesses. An extension of time would allow for the parties to reach out to these individuals and determine who, if any, have knowledge of the incident. It would also give the parties the opportunity to depose those individuals if necessary. If the parties were simply to abide by the discovery deadline now in place, the reliability of the discovery adduced could be questioned. Neither parties wishes that result in this matter.

      Therefore, the parties jointly request that your Honor allow sixty days from January 9, 2006 to complete discovery. This extension should allow the parties to obtain and act upon the necessary discovery in this matter.

      We thank your for your consideration in this matter.

                                       Very Truly Yours:

     David A. Zelman (DZ 8578)
cc:   Sheryl A. Bruzzese, Esq. (*via fax*)
     Assistant Corporation Counsel



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
1/5/06