

David A. Zelman, Esq.
Law Office of David A. Zelman
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072

Via Fax: 212 805 6712
Honorable Kevin N. Fox
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

February 1, 2006

Re: Lewis v. The City of New York
Index #: 04-CV-3696

Honorable Kevin N. Fox:

This is an application by plaintiff's counsel to obtain Monell discovery which, as of this date, has not been available to plaintiff's counsel. As your Honor may recall, a prior Order was issued in which your Honor ordered defendants to produce the files involving assault, attempted assault, harassment and obstruction of governmental administration with dates of incidents either two years prior to the within incident or six months post and also which involve the instant defendants. In compliance with that order, defendants have, to date, produced one file, that of Ms. Kimberly Gilyard. I have been informed by defense counsel that an additional file has been requested and will shortly by exchanged.

However, on Monday, January 30, the parties deposed defendants Vines and Martin. Defendant Vines, a captain, testified that during her April 2001 through December 2004 tenure as a Captain at GRVC, one of approximately ten facilities located at Riker's Island, she has arrested approximately 1,000 visitors, of which Enequa Lewis was one. Other testimony indicated that some weeks there were none and other weeks there were several. Defendants could not recall or in many instances, approximate how many arrests of visitors occurred within a given time frame. Therefore, it appears that the parties initial theory of simply requesting that defendants voluntarily inform their counsel of which arrests involved the above stated charges is clearly insufficient to meet Monell discovery standards. With such a large number of arrests of visitors and the defendants lack of recollection, it is obvious that the attorneys need to review the records themselves to determine which are relevant to the plaintiff's claims and which are not.

To do so, plaintiff proposes that the defendants produce all Incident Reports created as a result of arrests of visitors at the GRVC facility for the time period previously

outlined. These records, which according to defendant Martin are maintained at GRVC should be produced for inspection. If following an inspection of an incident report a relevant incident was located, the criminal file could be ordered This appears to be the least burdensome method of obtaining this important disclosure.

I have conferred with defense counsel and she does not consent to this request.

Very Truly Yours:

David A. Zelman

Via Fax: Sheryl Bruzzese, Esq.

2/2/05
The Court has considered the instant request and the defendants' opposition to it, as set forth in a writing dated February 1, 2006. As a result, the plaintiff's request is denied.
SO ORDERED:
/Kevin Nathaniel Fox/
KEVIN NATHANIEL FOX, U.S.M.J.